IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

JACQUELINE BROWN,

    Plaintiff,

vs.

                        Case No.
                        Division:

FAMILY DOLLAR STORES
OF FLORIDA, LLC, a Foreign
Limited Liability Company.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JACQUELINE BROWN, by and through the undersigned attorneys, and hereby sues the Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, a Foreign Limited Liability Company, (hereinafter referred to as "FAMILY DOLLAR") and shows unto this Honorable Court as follows:

### PLAINTIFF JACQUELINE BROWN'S NEGLIGENCE CLAIM AGAINST DEFENDANT FAMILY DOLLAR

1. This is an action for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00), exclusive of costs and interest, and the Twelfth Judicial Circuit Court in and for Manatee County, Florida, has jurisdiction over this cause and over the Defendant FAMILY DOLLAR.

2. The Defendant FAMILY DOLLAR was and is at all times material to the allegations contained in this Complaint, incorporated in and authorized to conduct business in and about the State of Florida, including in and about Manatee County, Florida.

3. At all times material to the allegations contained in this Complaint, Defendant FAMILY DOLLAR owned, controlled, maintained, and/or operated a retail store, which was open to the public, located at 1508 32nd Avenue East, Bradenton, Florida 34208, Manatee County, Florida.

4. The FAMILY DOLLAR store located at the 1508 32nd Avenue East, Bradenton, Florida 34208, Manatee County, Florida location is known as FAMILY DOLLAR store #11165.

5. On or about December 22, 2019 Plaintiff JACQUELINE BROWN was a business invitee and, therefore, was permitted to be at the FAMILY DOLLAR store described herein.

6. On that date of December 22, 2019 at approximately 6:30 p.m., while walking in the FAMILY DOLLAR store freezer area, Plaintiff JACQUELINE BROWN encountered an orange warning cone with water on the floor near said warning cone.

7. The water on the floor appeared to be leaking from the freezer area where Plaintiff was walking through.

8. Upon encountering the orange warning cone and water on the floor, Plaintiff walked around the orange cone and water to continue her shopping.

9. Several feet after walking past the water on the floor area designated by the orange warning cone, Plaintiff slipped on another liquid(s) or liquid type substance(s), which appeared to be water, fell and was injured.

10. Plaintiff was not aware of additional water, liquid(s) or liquid type substance(s) in this area because there were no additional warning cones or warning signs posted and/or the water, liquid(s) or liquid type substance(s) was not otherwise readily visible to the Plaintiff in this area.

11. Defendant FAMILY DOLLAR owed a duty to the Plaintiff JACQUELINE BROWN to maintain the property in a reasonably safe condition and/or to warn the Plaintiff of the dangerous condition(s) consisting of water, liquid(s) or liquid type substance(s) on the floor located at or near freezer section of the FAMILY DOLLAR store described herein.

12. Defendant FAMILY DOLLAR was negligent and breached this duty owed in one or more of the following ways:

   a. In failing to repair the condition which was leaking liquid onto the floors at or near the freezer section of the FAMILY DOLLAR store described herein;

b. In failing to have a FAMILY DOLLAR store employee standing in the area where liquid was leaking onto the floor to warn business invitees and customers, including Plaintiff JACQUELINE BROWN of the water and/or liquid on the floor;

c. In failing to use all availability supplies, such as mops and paper towels, to absorb the liquid leaking onto the floor in the freezer section of the FAMILY DOLLAR store described herein;

d. In failing to use all availability supplies, such as fans, mops and paper towels, to dry the floor in the freezer section of the FAMILY DOLLAR store described herein;

e. In failing to maintain the floor(s) on the premises described herein, in a reasonably safe condition by removing all liquid(s) or liquid type substance(s) from the floor located at or near the freezer section of the FAMILY DOLLAR store described herein;

f. In failing to prevent the liquid leaking from a freezer from spreading to other areas of the of the FAMILY DOLLAR store described herein, to prevent invitees such as the Plaintiff from slipping or falling; or

g. In failing to properly or adequately inspect the floors of the FAMILY DOLLAR store described herein to ensure said floors at or near the freezer section of the store were free from liquid(s) or liquid type substance(s);

h. In failing to remove the water, liquid(s) or liquid type substance(s) from the floor located at or near the freezer section, that caused Plaintiff to slip and fall; or

i. In failing to post or display multiple warning signs or caution signs in all areas where water, liquid(s) or a liquid type substance(s) was located;

j. In failing to warn Plaintiff JACQUELINE BROWN of the water, liquid(s) or a liquid type substance(s) located near the freezer section where she ultimately slipped and fell;

k. In failing to adequately supervise FAMILY DOLLAR employees on the procedures for inspecting and cleaning the floor located at or near the

      freezer section of the premises described herein and the additional areas where the liquid(s) or liquid type substance(s) had spread;

    l.  In failing to adequately train FAMILY DOLLAR employees on the procedures for inspecting and cleaning the floor located at or near the freezer section and the additional areas where the liquid(s) or liquid type substance(s) had spread;

    m.  Was otherwise careless and negligent in maintaining the floor at or near the freezer section where Plaintiff JACQUELINE BROWN slipped and fell.

    13.    The negligent condition(s) where water, liquid or liquid type substances were found which caused Plaintiff JACQUELINE BROWN to slip and fall were known to Defendant FAMILY DOLLAR or had existed for a sufficient length of time so that Defendant FAMILY DOLLAR should have known of it.

    14.    As a direct and proximate result of the foregoing, Plaintiff JACQUELINE BROWN suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical, and/or surgical and post-surgical therapy, and/or nursing care and treatment and/or aggravation of a previously existing condition, loss of earnings, and/or loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

    **WHEREFORE,** Plaintiff JACQUELINE BROWN demands a judgment for damages against Defendant FAMILY DOLLAR and demands costs, interest, and a trial by jury of all issues triable as of right by a jury, and such other relief as this Court may deem appropriate.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY a true copy of the foregoing has been furnished to the Clerk of Circuit Court, **Manatee County** via www.myflcourtaccess.com pursuant to Florida Supreme Court SC 11-399 on this 23rd day of June 2021 and a copy of same to Defendant, Family Dollar Stores of Florida, LLC, through its Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, with service of process of the Summons, Request for Production, Notice of Service of Interrogatories and Interrogatories.

*[signature]*
_____
Derek A. Reams
Florida Bar No. 557137
McCue, Reams, Bucha and Associates
Leonard A. McCue, P.A.
524 - 9th Street West
Bradenton, FL  34205
(941) 748-1358
Service Email: QLawservice@QLaw.com
Attorneys for Plaintiff       6606